Crone, J., concurs.
Tavitas, J., concurs in result with opinion.
Tavitas, Judge, concurring in result with opinion.
[10] I concur in result with the majority's opinion. I write separately, however, to emphasize the unusual circumstances here.
[11] In Wilford v. State , 50 N.E.3d 371, 375-76 (Ind. 2016), our Supreme Court noted that the State is required to satisfy both of the following elements to prove that the decision to impound a person's vehicle without a warrant was reasonable:
(1) Consistent with objective standards of sound policing, an officer must believe the vehicle poses a threat of harm to the community or is itself imperiled; and
(2) The officer's decision to impound adhered to established departmental routine or regulation.
Wilford , 50 N.E.3d at 375-76.
[12] It is perfectly clear that the first prong of the test was met here. The officer observed multiple traffic violations and stopped the vehicle that Smith was driving. An adult female and four children were also in the vehicle. Smith, who adheres to the sovereign citizen ideology, repeatedly refused to identify himself. The officer was eventually able to identify Smith and learned that Smith's driver's license was suspended. The female passenger also lacked a valid driver's license. The officer testified that Smith's vehicle posed a hazard to public safety because it was parked in the single travel lane of the road, which had no on-street parking lane, and the officers decided to tow the vehicle. The officers then completed an inventory search of the vehicle and discovered the handgun. As the vehicle was parked in the travel lane of a road and neither adult in the vehicle possessed a valid driver's license, towing of the vehicle was clearly consistent with sound policing.
[13] As for the second element, it seems clear that the officer's decision to impound would have complied with any department's impoundment policy. Our Supreme Court, however, has held that "[o]fficer testimony provides adequate evidence of departmental impound policy if it outlines the department's standard impound procedure and specifically describes how the decision to impound adhered to departmental policy or procedure." Wilford , 50 N.E.3d at 377. On appeal, the State concedes that "there was not sufficient evidence of the IMPD inventory policy admitted at trial." Appellee's Br. p. 14. Because the State failed to present sufficient evidence at the trial that the officer's decision adhered to established departmental routine or regulation, I am constrained to find that the trial court erroneously admitted the evidence obtained during the search of the vehicle.
[14] The State also argues that the evidence was admissible under the search incident to arrest exception because it was reasonable to believe that evidence relevant to the crime of arrest would be found *1186 in the vehicle.[1] Specifically, the State contends the officers were looking in the vehicle for Smith's identification. The majority holds that the State waived this argument. I disagree that the State waived this argument. We may affirm a trial court's ruling on the admissibility of evidence "on any theory supported by the evidence." Satterfield v. State , 33 N.E.3d 344, 352 (Ind. 2015). I conclude, however, that the State failed to present sufficient evidence at the trial to establish that the search incident to arrest exception is applicable here. At the time of the search, the officers had already identified Smith and already learned that his driver's license was suspended. A search of the vehicle would not have revealed evidence that Smith refused to identify himself or drove while suspended. For these reasons, I concur in result.

Under the search incident to arrest exception, "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Arizona v. Gant , 556 U.S. 332, 351, 129 S. Ct. 1710, 1723, 173 L.Ed.2d 485 (2009) (emphasis added). The State does not argue that Smith was within reaching distance of the passenger compartment at the time of the search; rather, the State argues only that it was reasonable to believe the vehicle contained evidence of the offense of arrest.